Battle, J.
 

 To entitle himself to recover in his action for a deceit, the plaintiff was bound to prove that the defendant had sold him the slave in question.
 

 The sale might have been made in either of two ways, by a bill of sale, or, by a parol sale, accompanied with the actual delivery of the slave. Rev. Stat. ch. 37, sec. 19 ;
 
 Choat
 
 v.
 
 *384
 

 Wright,
 
 2 Dev. 289 ;
 
 Caldwell
 
 v.
 
 Smith,
 
 4 Dev. and Bat. 64. It was, in fact, made by a bill of sale, for the instrument produced was undoubtedly such.
 
 Fortesque
 
 v.
 
 Satterthwaite,
 
 1 Ire. Rep. 566
 
 ; Respass
 
 v.
 
 Lanier,
 
 8 Ire. Eq. Rep. 281; 1 Sheph. Touch.; 30 Law Lib. 388. The question then, is, whether the contract of sale, having been made in writing, the plaintiff could prove by parol, a sale and delivery, with a view to his action for a deceit in such sale. His counsel contends that he can, assigning as a reason, that his action is not founded upon any warrant}, or other thing contained in the paper writing, but upon something
 
 dehors,
 
 to wit, the deceit.
 

 The argument is ingenious, but we do not assent to its correctness. Its tendency is to evade the strong rule of evidence, that inferior testimony is not admissible, where the case admits of a higher grade. The very offer of the inferior, creates a suspicion that the party fears the effect of the higher, and is, therefore, reluctant to produce it. It is not denied, that a written transfer of a slave is higher evidence of the sale than parol proof of a sale and actual delivery. Why not require him to produce it, when it appears that he actually had it in his possession? Prom the case of
 
 Choat
 
 v.
 
 Wright
 
 above cited, it is manifest that the Court was very reluctant to decide that the statute of frauds (Rev. Stat. ch. 50, sec. 8; R. O. ch. 50, sec. 11,) did not require all sales of slaves to be in writing. It was the case of the sale of a slave in which there was no bill of sale, or memorandum of the sale in writing, and it was objected in argument, that it could not be supported on that account. The Court say, “ we should lend a ready ear to any plausible argument tending to prove that this case is within the statute of frauds ; for, we feel that all the mischiefs are as apt to arise out of executed, as executory contracts; but the words of the statute are too strong and plain to be got over.” After showing that the language of the statute did not admit of the construction contended for, the. Court thus concludes, “ we are aware of the great inconveniences that will arise from this construction, and that has made us very reluctant to adopt it; for, the same fraud and
 
 *385
 
 perjury will be practiced in tbe dispute, whether the contract was one to sell,’ or, of sale,’ as in ascertaining the particular terms of a contract to sell, and thus, all the benefits intended by the Legislature, be defeated.”
 

 In the present case, we are not bound by the words of any statute, but are called upon to uphold a great conservative principle of evidence. The plaintiff cannot get along with his action, without proving a sale. That sale was effected by means of a contract, the terms of which were, at the time, reduced .to writing, and signed and sealed by the defendant. That writing must then he produced and proved by the plaintiff, as the law requires. If the plaintiff fail to produce it, he must show its loss, before he can be allowed to introduce any inferior testimony. The plaintiff having failed to do this on the trial, his Honor was right in giving the judgment of nonsuit, and that judgment must be affirmed.
 

 Per Curiam.
 

 Judgment affirmed.